**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Daisy Lynne Meadows,[1]

Plaintiff

v.

State of Nevada, et al.,

Defendants

Case No.: 2:23-cv-00214-JAD-VCF

**Order Screening Complaint and Directing Plaintiff to Show Cause By July 31, 2023, Why this Case Should Not Be Dismissed as Duplicative**

Plaintiff Daisy Lynne Meadows brings this civil-rights action under 42 U.S.C. § 1983, claiming that her rights were violated when the defendants refused to recognize her as transgender and continued to house her at a male prison, even though she identifies as female. Because Meadows applies to proceed *in forma pauperis*,[2] I screen her complaint under 28 U.S.C. § 1915A. Because the complaint fails to state a colorable claim, and this case appears to be duplicative of other ongoing cases, I dismiss the complaint without prejudice and order Meadows to show cause why this case should not be dismissed as duplicative.

**Background**

**A. Plaintiff's factual allegations**[3]

Meadows alleges that she is transgender and identifies as female[4] but the defendants refuse to accept her gender identity. The defendants have forced Meadows to live as a man and

[1] In the complaint, Plaintiff lists her name as "Mrs. Daisy Lynne Meadows." ECF No. 1-1 at 1. Based on her prison identification number and the financial certificate that she filed, however, her legal name is Roy Trost. ECF No. 1 at 4–5. Meadows states that she is transgender and identifies as female, ECF No. 1-1 at 2, so I use her preferred name and pronouns in this order.

[2] ECF No. 1.

[3] These facts are merely a summary of Meadows's allegations and are not findings of fact.

[4] ECF No. 1-1 at 2.

housed her in a male prison, even though she is a woman.[5] They have also refused to provide medical treatment that Meadows needs to complete her medical transition to her female identity.[6] As a result of the defendants' actions, Meadows alleges, she has been forced into a condition of involuntary servitude or slavery amounting to torture.[7]

**B. Plaintiff's causes of action**

Based on these events, Meadows sues the State of Nevada, the Nevada Department of Corrections, the State of Nevada State Board of Prison Commissioners, the NDOC Full Classification Committee, and the Offender Management Division and claims that her rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments are being violated.[8] She seeks damages as well as declaratory and injunctive relief.[9]

## Discussion

**A. Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[10] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[11] All or part of the complaint may be

---

[5] *Id.* at 4–5.

[6] *Id.* at 6.

[7] *Id.* at 9.

[8] *Id.* at 4–13.

[9] *Id.* at 14.

[10] *See* 28 U.S.C. § 1915A(a).

[11] *See* 28 U.S.C. § 1915A(b)(1)(2).

dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[12]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[13] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[14] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[15] but a plaintiff must provide more than mere labels and conclusions.[16] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[17] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[18]

---

[12] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[13] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[14] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[15] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[16] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[18] *Id*.

**B. Analysis of claims**

***1. Meadows cannot state a claim against any of the named defendants.***

To bring a claim under § 1983, Meadows must allege: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."[19] "States or governmental entities that are considered 'arms of the State'" are not "persons" under § 1983.[20]

The complaint fails to state a colorable claim because Defendants State of Nevada, Nevada Department of Corrections, State of Nevada State Board of Prison Commissioners, NDOC Full Classification Committee, and Offender Management Division are not persons. So Meadows cannot state a claim against any of the defendants, and I dismiss the complaint in its entirety without prejudice and with leave to amend to identify a proper defendant. Should Meadows choose to amend her complaint to attempt to cure this deficiency, she must allege that some person or persons violated her rights while acting under color of state law, and she must identify such person.

***2. This case appears to be duplicative of another one.***

Meadows has already brought several cases regarding her gender identity.[21] On January 24, 2023, those cases were consolidated in *Mendoza and Trost v. Daniels*, Case No. 3:22-cv-00205-ART-CSD. That same day, Meadows and her co-plaintiff were also appointed counsel in

---

[19] *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

[20] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70, 109 (1989).

[21] *See Mendoza and Trost v. Daniels*, Case No. 3:22-cv-00205-ART-CSD; *Trost v. Nevada Board of Prison Commissioners*, Case No. 3:22-cv-00214-ART-CSD; *Trost v. Cooke*, Case No. 3:22-cv-00320-ART-CLB; and *Mendoza and Trost v. Daniels*, Case No. 3:22-cv-00369-ART-CSD.

that consolidated case.[22] A little more than two weeks after her other cases were consolidated and counsel was appointed, Meadows initiated this case. Counsel in the consolidated case has filed an amended complaint.[23] Meadows's claims in this case appear to be duplicative of the claims that she is bringing in the complaint that her counsel filed in the consolidated cases.

Duplicative litigation by a plaintiff proceeding *in forma pauperis* may be dismissed as malicious under 28 U.S.C. § 1915(e).[24] In light of the apparently duplicative claims in this case, I am inclined to dismiss this case to control the docket.[25] However, because Meadows is proceeding *pro se* here, I first give her an opportunity to show cause why this case— 2:23-cv-00214-JAD-VCF—should not be dismissed as duplicative of the claims in the consolidated case—3:22-cv-00205-ART-CLB.

I give Meadows leave to file an amended complaint by **July 31, 2023**. If Meadows chooses to file an amended complaint and pursue this case, she must also show cause in writing by **July 31, 2023**, why this case should not be dismissed as duplicative. Alternatively, if Meadows agrees that this case is duplicative, and she filed it by mistake, perhaps not fully understanding the consolidation process, Meadows may file a motion to voluntarily dismiss this case.

---

[22] *Mendoza and Trost v. Daniels*, Case No. 3:22-cv-00205-ART-CSD at ECF No. 21.

[23] *Id.* at ECF No. 33.

[24] *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988) (holding that repetitious litigation of virtually identical causes of action is subject to dismissal as malicious)); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir.1993) (holding that it is malicious for a "pauper" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff).

[25] *See, e.g., Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (explaining that in exercising their inherent power to control their dockets, courts "may impose sanctions including, where appropriate . . . dismissal").

### C. Leave to amend

Meadows is granted leave to file an amended complaint to state a colorable claim against a person. If Meadows chooses to file an amended complaint, she is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[26] She must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint." Meadows must follow the instructions on the form. She need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each count, she should allege facts sufficient to show what each defendant did to violate her civil rights. **She must file the amended complaint by July 31, 2023.**

## Conclusion

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to **FILE** the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the complaint is dismissed in its entirety without prejudice and with leave to amend by July 31, 2023.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** plaintiff the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of her original complaint (ECF No. 1-1). If plaintiff chooses to file an amended complaint, she must use the approved form and she must write the words "First Amended" above the words "Civil Rights Complaint" in the caption. The amended complaint will be screened in a separate

---

[26] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

screening order, and **the screening process will take <u>many months</u>. If plaintiff does not file an amended complaint by July 31, 2023, this action will be dismissed without prejudice for failure to state a claim.**

IT IS FURTHER ORDERED that **by July 31, 2023**, Meadows must show cause, in writing, why this case should not be dismissed as duplicative of claims in the previously filed cases consolidated in Case No. 3:22-cv-00205-ART-CLB. Alternatively, if Meadows agrees that the claims in this case are duplicative, she may file a motion for voluntary dismissal.

Dated: June 29, 2023

U.S. District Judge Jennifer A. Dorsey