UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAISY LYNNE MEADOWS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>　　　　Defendants. | Case No. 2:23-cv-00214-JAD-MDC<br><br>**ORDER**<br><br>(ECF Nos. 9) |

　　　　On May 16, 2024, the Court issued an order screening Plaintiff's first amended complaint under 28 U.S.C. § 1915A. (ECF No. 8). The Court dismissed the first amended complaint without prejudice and gave Plaintiff leave to file a second amended complaint by June 17, 2024. (*Id.*). Plaintiff has filed a motion requesting an extension. (ECF No. 9).

　　　　In her motion, Plaintiff states that she has endured additional instances of sexual abuse and retaliation since initiating this case. (*Id.* at 1-2). Plaintiff's request for an extension is granted. Based on Plaintiff's motion, it seems that she may intend to bring new claims in this case based on recent events. The Court cautions Plaintiff that she should not bring new, improperly joined claims in her second amended complaint.

　　　　A basic lawsuit is a single claim against a single defendant. Rule 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Rule 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." **However, unrelated claims that involve different defendants must be brought in separate lawsuits**. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"). These rules are not only intended to avoid confusion that arises out

of bloated lawsuits, but also to ensure that inmates pay the required filing fees for their lawsuits and prevent inmates from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

The Court advises Plaintiff that each claim that is raised in her amended complaint must be permitted by either Rule 18 or Rule 20. Plaintiff may state a single claim against a single defendant. Plaintiff may then add any additional claims to her action that are against the same defendant under Rule 18. Plaintiff may also add any additional claims against other defendants **if those claims arise from the same transaction, occurrence, or series of transactions as her original claim**. Fed. R. Civ. P. 20(a)(2). Any attempt to join claims that are not permitted by the FRCP will result in those claims being dismissed as improperly joined.

The Court advises Plaintiff that claims may not be joined merely because they occurred in the same prison, the violators had the same supervisor, or the claims are based on the same type of constitutional violation. Plaintiff may not evade these requirements merely by alleging that she told the same person about them or by making conclusory allegations that all the defendants are engaging in a conspiracy or campaign of harassment. Plaintiff also may not evade these requirements by including multiple causes of action in a part of the complaint form reserved for one claim.

IT IS THEREFORE ORDERED that Plaintiff's motion for an extension to file a second amended complaint (ECF No. 9) is **GRANTED**. Plaintiff shall file any second amended complaint on or before **July 17, 2024**.

Plaintiff is reminded that pursuant to the Court's screening order, this action will be subject to dismissal without prejudice if Plaintiff fails to file a second amended complaint on or before **July 17, 2024**.

DATED THIS 6th day of June 2024.

Hon. Maximiliano D. Couvillier III
UNITED STATES MAGISTRATE JUDGE